IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER YANCEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CIV-08-539-C |
| | ) |
| HONORABLE STEPHEN BONNER, | ) |
| in his official capacity as Associate | ) |
| District Judge of the 20th Judicial District, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed a complaint requesting relief under 25 U.S.C. § 1914 and 42 U.S.C. § 1983. The Plaintiff claims that the Defendant, in his official capacity as Associate District Judge of the 20th Judicial District, is depriving him of rights guaranteed to him under the Fourteenth Amendment to the U.S. Constitution and 25 U.S.C. §§ 1901 *et seq.* (Dkt. No. 1). The Defendant initially filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)[1] and subsequently filed a supplemental motion to dismiss, alleging new grounds for dismissal. (Dkt. Nos. 6, 12).

---

[1] Because the Court resolves the abstention issues asserted in the Defendant's supplemental motion to dismiss in favor of the Defendant and as a result does not reach the issues addressed in the Defendant's original motion to dismiss under Fed. R. Civ. P. 12(b)(6), the standards applicable to 12(b)(6) motions are not considered here.

## BACKGROUND

Plaintiff is a member of the Muscogee (Creek) Indian Nation of Oklahoma. He is the father of Baby Boy L., who was born out of wedlock on October 4, 2002. In July 2002, the mother, who is not of Indian descent, decided to place the baby for adoption. Shortly after the birth, the Prospective Adoptive Parents took the child to Missouri, where he has since resided. On October 10, 2002, the mother relinquished her parental rights in Oklahoma County. On December 26, 2002, an adoption petition was filed in Cleveland County. The Plaintiff's parental rights were terminated and he appealed to the Oklahoma Supreme Court, claiming that the trial court erred in holding that the Indian Child Welfare Act, 25 U.S.C. §§ 1901 *et seq.* ("the Act"), did not apply. The Supreme Court agreed, reversing the termination of the Plaintiff's parental rights. The Prospective Adoptive Parents then filed a new application to terminate the Plaintiff's parental rights. In February 2006, the trial court determined that the Act applied but that there was good cause to avoid the placement preferences of that Act, leaving the child in the custody of the Prospective Adoptive Parents. In January 2008, the Plaintiff filed a motion to transfer the case to Tribal Court. In February 2008, this motion was denied and the trial court terminated the Plaintiff's parental rights, finding that his consent to the adoption was unnecessary. The Plaintiff appealed to the Oklahoma Supreme Court in March 2008 and filed the present complaint in May 2008. The adoption proceeding is still pending in Cleveland County District Court. The Plaintiff argues that the Defendant failed to follow the mandates of the Indian Child Welfare Act and is

thereby depriving him of his rights under that statute and the Fourteenth Amendment to the U.S. Constitution.

The Defendant argues that he may not be sued in his official capacity under 42 U.S.C. § 1983 because he enjoys absolute immunity as a state court judge. The Defendant also argues that this Court should abstain from hearing the present case under Younger v. Harris.[2]

## DISCUSSION

The Defendant's supplemental motion to dismiss raises the issue of whether Younger abstention is appropriate in this case. It is well established that abstention is only proper in a small minority of cases. New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 359 (1989). Congress defines the extent of federal judicial jurisdiction,[3] and "[w]hen a Federal court is properly appealed to in a case over which it has by law jurisdiction, it is its duty to take such jurisdiction." Willcox v. Consol. Gas Co. of N.Y., 212 U.S. 19, 40 (1909). There are certain narrow situations, however, in which federal courts should abstain from exercising jurisdiction.[4]

In Younger v. Harris, the Court held that a federal court could not enjoin an ongoing state criminal prosecution except under special circumstances. Id., 401 U.S. at 41. The basis

---

[2] 401 U.S. 37 (1971).

[3] U.S. Const. art. III, § 1; Kline v. Burke Constr. Co., 260 U.S. 226, 233-34 (1922) (noting that Congress "may give, withhold or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution").

[4] Colo. River Water Conservation Dist. v. United States, 424 U.S. 800 (1976); Younger v. Harris, 401 U.S. 37 (1971); Burford v. Sun Oil Co., 319 U.S. 315 (1943); R.R. Comm'n of Tex. v. Pullman Co., 312 U.S. 496 (1941).

for this decision was the longstanding belief that federal courts should not interfere with state court proceedings. Id. at 43. While this doctrine was initially limited to state criminal prosecutions, Huffman v. Pursue, Ltd. expanded it to encompass civil proceedings bearing a close resemblance to criminal prosecutions.[5] The doctrine was further expanded in Middlesex County Ethics Comm. v. Garden State Bar Ass'n to apply to state civil proceedings where important state interests were involved. 457 U.S. 423, 432 (1982). There, the Court set forth a three-part test to determine whether abstention is appropriate: (1) do the proceedings constitute ongoing state judicial proceedings; (2) are important state interests implicated in the proceedings;[6] and (3) is there a sufficient opportunity to raise federal constitutional claims in the state court proceedings. Id.

Application of the Middlesex test to the facts of this case indicates that abstention is appropriate here. The adoption proceeding filed in the state district court is still pending. In addition, the Plaintiff is currently appealing the termination of his parental rights to the Oklahoma Supreme Court. These constitute state judicial proceedings even though the state

---

[5] 420 U.S. 592, 603 (1975) (noting that the State was a party to the proceeding and the proceeding was "both in aid of and closely related to criminal statutes").

[6] The Plaintiff argues that Younger abstention is only appropriate when the state proceeding is criminal in nature or bears a close relationship to a criminal proceeding. (Dkt. No. 15). The Plaintiff appears to believe this follows from the language in Middlesex indicating that "[t]he importance of the state interest may be demonstrated by the fact that the noncriminal proceedings bear a close relationship to proceedings criminal in nature." 457 U.S. at 432. However, this Court reads that language, not as a limitation, but rather to indicate one possible basis for finding an important state interest.

is not a party, so long as an important state interest is implicated. Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 10-11 (1987); Morrow v. Winslow, 94 F.3d 1386, 1396-97 (10th Cir. 1996).

Both Moore v. Sims, 442 U.S. 415 (1979), and Morrow indicate that an important state interest is implicated by these state court proceedings. Family relations issues have traditionally been left to the states. Moore, 442 U.S. at 435; Morrow, 94 F.3d at 1393. In fact, the Tenth Circuit noted in Morrow that "adoption and child custody proceedings are an especially delicate subject of state policy." Id. Based on this precedent, the state here has an important interest in the adoption proceedings currently pending in state court.

Finally, the Plaintiff has a sufficient opportunity to raise his federal claims within the context of the state court proceeding. This prong requires the Plaintiff to demonstrate that state procedural law clearly bars him from raising these claims in the state proceeding. Pennzoil, 481 U.S. at 14; Moore, 442 U.S. at 432. The Plaintiff here has provided no evidence indicating state law bars him from litigating his claims under the Indian Child Welfare Act in state court. On the contrary, the Plaintiff has in fact raised such claims in the past in the state court system and received favorable results. (Dkt. No. 1.) Therefore, the Plaintiff has an adequate opportunity to raise his federal claims in the current state court proceedings.

It appears, then, that the Middlesex rule counsels abstention in this case unless an exception applies. The Younger doctrine does not apply when "the state proceeding is motivated by a desire to harass or is conducted in bad faith, or where the challenged statute is 'flagrantly and patently violative of express constitutional provisions.'" Huffman v.

5

Pursue, Ltd., 420 U.S. 592, 611 (1975). The Supreme Court also recognized that abstention is not appropriate when the state court is unable to fully or fairly adjudicate the federal issues because of "extraordinary circumstances." Kugler v. Helfant, 421 U.S. 117, 124 (1975). These are very narrow exceptions, and do not often require federal courts to hear cases when they would otherwise abstain. Huffman, 420 U.S. at 1212; 17B Charles Alan Wright, et al., Federal Practice and Procedure: Jurisdiction § 4255 (3d ed. 2007).

There is no indication that the state proceeding in this case is motivated by a desire to harass or that it is conducted in bad faith.[7] Additionally, the Plaintiff is challenging the state court's application of the federal Indian Child Welfare Act, and there is no allegation that this statute is "flagrantly and patently violative of express constitutional provisions," so the second exception to Younger does not apply. Finally, this Court determines that there are not extraordinary circumstances in this case to justify permitting the Plaintiff to litigate these issues in federal court. In a child custody dispute dealing with issues of child abuse, the Supreme Court found there were not extraordinary circumstances and that Younger abstention was required. Moore, 442 U.S. at 434. The circumstances of this case are not so extraordinary that the state court is unable to fully and fairly adjudicate the federal issues, so this exception does not apply.

---

[7] The Plaintiff has not alleged bad faith or harassment here, and the Tenth Circuit stated that even more than mere allegations are required for the court to find abstention inappropriate under this exception. Phelps v. Hamilton, 122 F.3d 885, 889 (10th Cir. 1997).

The Plaintiff further argues that 25 U.S.C. § 1914 authorizes independent federal review of state court decisions regarding the Indian Child Welfare Act and that abstention is therefore not required in this case. The Tenth Circuit dealt with this very issue in Morrow, 94 F.3d 1386. There, the Circuit looked back to the purposes of the Act, noting the importance of protecting the rights of Indian children and tribes. Id. at 1394. While the Court recognized that the Act established minimum federal standards that states must follow when making custody decisions regarding Indian children, there was no indication that the statute was intended to permit federal interference with pending state court adoption proceedings. Id. at 1395. In fact, the Court decided that "if federal court intervention was allowed it could result in numerous delays as multiple, piecemeal federal litigation worked its way through the federal courts." Id. at 1396. The Court ultimately held that abstention was required under Younger, and this Court is bound by that decision.

The Plaintiff attempts to distinguish the present case from Morrow on the basis that the plaintiff there did not seek federal review immediately but continued to work his way through the state court system. (Dkt. No. 15). In the present case, however, the Plaintiff is still attempting to work his way through the state court system while simultaneously appealing to this Court. Even if such a distinction can be maintained, the fact remains that there is an ongoing state court proceeding in which the Plaintiff has every opportunity to present these federal issues. The Plaintiff's appeal is currently pending before the Oklahoma Supreme Court, and there is a very real possibility that the Plaintiff will receive from that Court the relief that he is seeking from this Court.

Accordingly, the Defendant's Motion to Dismiss (Dkt. No. 6) and supplemental motion to dismiss (Dkt. No. 12) are GRANTED. Because the abstention issue has been resolved in favor of the Defendant, it is unnecessary to reach the Defendant's arguments regarding Eleventh Amendment immunity. Plaintiff's claims against the Defendant are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 12th day of September, 2008.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge